UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | NO. 2:14-cr-00030-SAB |
| Plaintiff, | |
| v. | **ORDER RE: DOUBLE JEOPARDY; DENYING MOTION FOR NEW TRIAL** |
| RANDY ZACHERLE, | |
| Defendant. | |

On November 3, 2014, Defendant was convicted by a jury of two counts: (1) Receipt of Child Pornography; and (2) Possession of Child Pornography. Prior to trial, Defendant raised the double jeopardy issue, arguing the Government needed to pick between the two counts, since possession of child pornography is a lesser-included offense. The Court reviewed the case law and determined that both counts should go to the jury, and then at the time of sentencing, one of the counts would be vacated.

The parties requested that the Court determine which count would be vacated prior to the actual sentencing hearing. Consequently, a hearing was held on May 14, 2015. Defendant was present and represented by Douglas Phelps. The United States was represented by Stephanie Lister. Also, before the Court was Defendant's Motion for New Trial, ECF No. 102.

///

**ORDER RE: DOUBLE JEOPARDY; DENYING MOTION FOR NEW TRIAL ~ 1**

## A.    Double Jeopardy

The parties are in agreement that if the Court were to sentence Defendant on both counts of conviction, double jeopardy concerns would arise because Possession of Child Pornography is a lesser-included offense of Receipt of Child Pornography. *See United States v. Davenport*, 519 F.3d 940 (9th Cir. 2008). The Ninth Circuit has instructed that when a defendant is convicted of both possession and receipt/distribution of child pornography, and the charges are predicated on the same set of images, the district court must exercise its discretion to determine which one of the two counts to dismiss. *United States v. Maier* 646 F.3d 1148, 1154 (9th Cir. 2011) ("The choice of which count to vacate is fundamentally a sentencing decision."). It also instructed that the court should consider the 18 U.S.C. §3553(a) factors in exercising its discretion. *Id.*

This is a close call. There are a number of factors that support vacating the lesser-included offense of Possession of Child Pornography. Defendant has a history of behavior which is very concerning and suggests that he is a danger to the public and to young girls. He has had at least one incident, if not two, with his niece that is very concerning. This is his second conviction for child pornography. He possessed a very large number of photographs, and took steps to conceal his behavior. His criminal history is lengthy and spans over two decades. These concerns, however, can be addressed by at the very least the minimum10-year sentence mandated by the possession conviction.

Moreover, Defendant is 55 years old and has significant health issues. A mandatory minimum sentence of 15 years would mean that Defendant would be close to 70 years old when he is released from prison. It is not the Court's intention to sentence Defendant to a lifetime imprisonment. A 15-year minimum sentence is greater than necessary to meet the sentencing goals set forth in § 3553.

Consequently, the Court finds that Defendant's age and health concerns provide unusual circumstances and compelling reasons to vacate the Receipt of

**ORDER RE: DOUBLE JEOPARDY; DENYING MOTION FOR NEW TRIAL ~ 2**

Child Pornography conviction. Defendant will be sentenced based on the lesser-included Possession of Child Pornography conviction, and not the Receipt of Child Pornography conviction.

**B.    Defendant's Motion for New Trial**

Defendant moves for a new trial for three reasons: (1) a Fourth Amendment violation; (2) an *Alleyne* violation; and (3) a *Miranda* violation. In its response, the United States asserts that Defendant's Motion is untimely. The Court agrees. However, in the interests of justice, the Court will proceed to the merits of the motion.

**(1)    Fourth Amendment**

Defendant argues that a new trial should be granted due to the admittance of computer evidence that was obtained in violation of Defendant's Fourth Amendment rights. Defendant bases his argument on his expectation of privacy in the computer. Judge VanSickle ruled that Defendant abandoned any rights he had to the computer. Defendant has not shown that this ruling was in error.

**(2)    *Alleyne* Violation**

Defendant argues the jury is required to determine the number of depictions, the presence of videos, and if the images were of prepubescent children. Defendant also brought this issue up at trial and the Court held that because the number of depictions, presence of videos, or the age of the minor children does not increase the statutory mandatory minimum or maximum sentence, the jury was not required to make these factual findings. This ruling is consistent with case law. *See United States v. Vallejos*, 742 F.3d 902 (9th Cir. 2014). In *Vallejos,* the defendant argued the district court could not impose an enhancement for distribution because the jury found him guilty of receipt. *Id.* at 906. The Circuit held that because the distribution element affected neither the statutory maximum sentence nor any mandatory minimum sentence, neither *Apprendi* nor *Alleyne* applied. *See also Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than

**ORDER RE: DOUBLE JEOPARDY; DENYING MOTION FOR NEW TRIAL ~ 3**

the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

Here, the sentencing enhancements (number of depictions, presence of videos, and age of children) do not result in a sentence that exceeds the statutory maximum sentence. As such, it is up to the Court to determine whether the enhancement applies, not a jury. Defendant is not entitled to a new trial in order to have the jury determine his prior conviction, the number of depictions, the presence of videos, or determine if the images were of prepubescent children.

### (3) *Miranda* Violation

Defendant argues that he should get a new trial because the Government let the jury know that he asserted his right to remain silent after being arrested and read his *Miranda* warnings.

The evidence at trial established that Defendant never invoked his right to remain silent unequivocally, and never stated that he did not want to answer any question he was asked by law enforcement. As such, the testimony about Defendant's physical reaction to a question about child pornography on his computer drive was properly admissible during trial.

///
///
///
///
///
///
///
///
///
///

**ORDER RE: DOUBLE JEOPARDY; DENYING MOTION FOR NEW TRIAL ~ 4**

1    Accordingly, **IT IS HEREBY ORDERED**:

2    1.  Defendant's Motion for New Trial, ECF No. 102, is **DENIED**.

3    2.  The conviction for Count 1, Receipt of Child Pornography, is **vacated**.

4    **IT IS SO ORDERED.** The District Court Executive is hereby directed to

5    file this Order and provide copies to counsel and the U.S. Probation Office.

6    **DATED** this 15th day of May, 2015.



Stanley A. Bastian
United States District Judge

**ORDER RE: DOUBLE JEOPARDY; DENYING MOTION FOR NEW TRIAL ~ 5**